United States District Court
Southern District of Texas

**ENTERED**

June 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ORAZUL ENERGY GUATEMALA Y COMPAÑÍA, S.C.A.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:25-cv-5747** |
| **NOVUM ENERGY TRADING CORP.,** | § § § | |
| **Defendant.** | § § § | |

**MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending before the Court[1] is Plaintiff Orazul Energy Guatemala y Compañía, S.C.A.'s ("Plaintiff") Amended Motion to Vacate Arbitration Award (ECF No. 9) and Defendant Novum Energy Trading Corp.'s ("Defendant") Motion to Dismiss and Opposition to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 17). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 9) be **DENIED** and Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 17) be **GRANTED**. The Court **FURTHER RECOMMENDS** Plaintiff's

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 10).

prior Motion to Vacate (ECF No. 1) and Defendant's prior Motion to Dismiss (ECF No. 8) be **DENIED AS MOOT**.

## I.      Background

This dispute stems from an arbitration between Plaintiff and Defendant over the nonpayment of invoices for heavy fuel oil.  (*See* ECF No. 9 at 3; ECF No. 17 at 3).  The arbitration commenced on April 24, 2024.  (ECF No. 9-6 at 6).  The arbitrators (the "Tribunal") ultimately issued two awards: (1) a Partial Award on September 2, 2025[2] that resolved liability (ECF No. 9-6) and (2) a Final Award on November 17, 2025 that resolved attorney's fees and costs (ECF No. 9-13).

On December 1, 2025, Plaintiff filed a Motion to Vacate Arbitration Award (ECF No. 1), arguing that the Tribunal exceeded their powers by awarding relief to Defendant on a claim not presented in the Terms of Reference, in violation of the mandatory provisions of the International Chamber of Commerce ("ICC") Rules of Arbitration and well-established principles of arbitral authority under U.S. law.  (*Id.* at 1).  On January 14, 2026, Defendant filed a Motion to Dismiss Plaintiff's Motion to Vacate (ECF

---

[2] While the Partial Award is dated September 2, 2025, the Parties did not receive notification of the Partial Award until September 3, 2025.  (*See* ECF No. 9-8 at 2).

No. 8), arguing that Plaintiff's motion was untimely under Section 12 of the Federal Arbitration Act ("FAA").

The parties have since filed amended versions of each of these motions (ECF Nos. 9, 17), which are ripe for review.

## II.    Discussion

Plaintiff seeks dismissal of the Tribunal's Final Award, arguing the Tribunal in the underlying ICC arbitration exceeded their authority under the applicable rules agreed upon by the parties.  (ECF No. 9 at 9, 11).  In response, Defendant filed a motion to dismiss Plaintiff's amended motion, arguing Plaintiff failed to timely serve Defendant with its motion to vacate within three months of the issuance of the Partial Award.  (ECF No. 17 at 10).  Defendant focuses on the Partial Award, as opposed to the Final Award, because the Partial Award resolved all liability issues in the case and Plaintiff's motion to vacate challenges the substantive rulings of the Tribunal.  (*Id.* at 11–12). Conversely, Plaintiff maintains that the statutory deadline can only be triggered by the issuance of a Final Award and, thus, its motion to vacate was timely filed and served.  (ECF No. 22 at 6–7).

As discussed, the Tribunal issued two awards in this case: (1) a Partial Award on September 2, 2025[3] that resolved liability (ECF No. 9-6) and (2) a Final Award on November 17, 2025 that resolved attorney's fees and costs (ECF No. 9-13).  Under 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

As an initial matter, courts have found that a partial or interim award can be treated as a final award and, thus, trigger the time period for filing and serving a motion to vacate pursuant to 9 U.S.C. § 12.[4]  *See Crawford Grp., Inc. v. Holekamp*, No. 4:06-cv-1274, 2007 WL 844819, at *5 (E.D. Mo. Mar. 19, 2007) ("The Court concludes that the Interim Award of Arbitrator dated May 25,

---

[3] The Parties did not receive notification of the Partial Award until September 3, 2025. (*See* ECF No. 9-8 at 2).

[4] Plaintiff argues the Western District of Texas has rejected this position.  (*See* ECF No. 22 at 8).  Plaintiff relies on *DiAthegen, LLC v. Phyton Biotech, Inc.*, No. 12-cv-1146, 2013 WL 3280270 (W.D. Tex. June 26, 2013), *vacated*, No. 1:12-cv-1146, 2013 WL 11279588 (W.D. Tex. Nov. 1, 2013).  *DiAthegen* also involved a partial award, a final award, and the question of whether a party timely moved to confirm or vacate an award.  *Id.* at *4.  The court reasoned that the parties provided authority as to whether they *could* have moved to confirm or vacate a partial award before the arbitrators' issuance of a final award, but no authority that the parties were *required* to do so.  *Id.* at *4.  Stated another way, the court noted there was no authority that supported the conclusion that a party was "barred from challenging any aspect of the arbitrators' final award that was contained in the earlier partial award."  *Id.*  As such, the court found "no basis for penalizing [a party] for its decision to wait until the completion of arbitration to file its petition."  *Id.*

As noted by Defendant, the *DiAthegen* opinion was vacated and ultimately carries no precedential weight.  (ECF No. 23 at 3).  Nevertheless, in contrast to *DiAthegen*, the Court finds, based on the authority cited in this Memorandum and Recommendation, that Plaintiff was required to move to vacate a partial award before the issuance of a final award.

4

2006 finally determined the substantive issues on the merits and is thus properly before this Court on plaintiff's motion to vacate."); *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 05-cv-507, 2006 WL 1428319, at \*4 (M.D. Fla. May 17, 2006) ("[T]he Interim Award constituted a final arbitration award, subject to the three month statutory time limit for serving notice of motion to vacate."); *see also Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 234 (1st Cir. 2001) (holding a district court may review a partial arbitration award when that award determines liability, but does not include damages); *Manion v. Nagin*, 392 F.3d 294, 296 (8th Cir. 2004) (affirming a district court's confirmation of an arbitration award where an arbitrator issued an Interim Award on substantive issues and a Final Award on costs and fees because the parties agreed to such a process).  In coming to that conclusion, courts have considered the statutory language at issue, whether the parties have agreed to use a bifurcated arbitration process, whether the partial award represents the final determination of a discrete issue, and whether the award is subject to change or revision by the arbitrators.

For example, in the context of confirming[5] an arbitration award, courts have noted that nothing in the language of 9 U.S.C. § 9[6] requires that the award be labeled as "final" before it can be confirmed by a district court. *See Accordant Commc'ns, LLC v. Sayers Constr., LLC*, No. 19-cv-401, 2019 WL 4478895, at *5 (W.D. Tex. Sep. 18, 2019), *report and recommendation adopted*, No. 1:19-cv-401, 2020 WL 7496676 (W.D. Tex. Feb. 3, 2020) (citing *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 F. App'x 39, 44 (4th Cir. 2006)); *see also Ace/Cleardefense, Inc. v. Clear Def., Inc.*, 47 F. App'x 582 (D.C. Cir. 2002) ("Section 9 speaks of an arbitration 'award,' not a 'final award.'"). Similarly, here, nothing in the language of 9 U.S.C. § 12[7] requires that an award be labeled as final before the time period for filing and serving a motion to vacate begins to run.

Courts have also confirmed partial or interim awards when the parties have agreed to bifurcate the issues of liability and damages. *See Accordant*, 2019 WL 4478895, at *5 (citing *Crawford Grp.*, 2007 WL 844819, at *5 and

---

[5] Plaintiff argues cases that involve the confirmation of an arbitration award, as opposed to the vacatur of an arbitration award, are inapposite. (ECF No. 22 at 9). Defendant responds that this distinction is irrelevant because the cases address the ultimate question of what qualifies as a final arbitration award. (ECF No. 23 at 3). The Court agrees with Defendant.

[6] 9 U.S.C. § 9 states that "any party to the arbitration may apply to the court so specified for an order confirming *the award*, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9 (emphasis added).

[7] 9 U.S.C. § 12 states that "[n]otice of a motion to vacate, modify, or correct *an award* must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added).

*Andrea Doreen, Ltd. v. Bldg. Material Loc. Union 282*, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003)).  Here, the Tribunal bifurcated the issues of liability and attorneys' fees and costs.  (*See* ECF No. 9-6 at 42).  The Tribunal's Partial Award in this case unequivocally stated that: "Determination of attorneys' fees and costs to be awarded is reserved for the Final Award.  Otherwise, the Tribunal has considered all issues presented.  Any requests, claims, or defenses not addressed herein are denied except for attorneys' fees and costs."  (*Id.*).  Further, per the parties' contract, the parties agreed that the Tribunal had the power to enter interim orders as it deemed necessary and that *any* award rendered by the Tribunal shall be considered final and binding.  (ECF No. 9-2 at 6).  The same language was repeated in the Tribunal's Partial Award.  (ECF No. 9-6 at 8).  Thus, not only did the Tribunal bifurcate the issues and affirmatively state that the award represented a final determination of specified issues, but the parties also affirmatively agreed that *any* award rendered by the Tribunal shall be considered final and binding.  As such, the parties' contract and the language of the Partial Award, combined with the forgoing case law, evidences that the Partial Award is a final award on liability in this case.  *See Accordant*, 2019 WL 4478895, at *6; *see also Crawford*, 2007 WL 844819, at *5 ("[T]he Court finds that the language of both the interim award and the final award indicate that the interim award reached a final

determination on the merits with respect to the most significant issues. Thus [sic] the Court finds that the arbitrators intended the interim award to be final as to the substantive issues in this matter.").

Lastly, the Final Award did not alter or change[8] the liability determinations of the Partial Award. (*See* ECF No. 9-13). The Final Award merely addressed the ancillary issues of attorneys' fees and cost. (*Id.* at 17). This further evidences that the Partial Award should be treated as a final award in this case. *See Crawford*, 2007 WL 844819, at *3 ("In the instant matter, the final award did not alter or change the liability or damages conclusions of the interim award, and merely addressed the ancillary issues of attorneys [sic] fees and expenses.").

In sum, the Court finds that the Partial Award is a final award on liability in this case and the Award's issuance triggered the time period for filing and serving a motion to vacate pursuant to 9 U.S.C. § 12. Here, the parties received notice of the Partial Award on September 3, 2025. (*See* ECF No. 9-8 at 2). As such, Plaintiff had until December 3, 2025 to provide notice

---

[8] Plaintiff argues that material changes were made to the Partial Award after it was issued. (ECF No. 22 at 4). Specifically, Plaintiff states "the corrected addendum to the partial award not only significantly changed the principal damages awarded but also changed the interest Orazul was ordered to pay and what days the interest accrued on." (*Id.* (citing ECF No. 9-6 at 51–52)). Conversely, Defendant describes these changes as "clerical corrections." (ECF No. 23 at 3). While numerical errors were corrected through addendums, no changes were ultimately made to the liability determinations of the Tribunal.

of its motion to vacate. While Plaintiff filed its initial motion to vacate on December 1, 2025, (ECF No. 1), service was not complete until approximately January 14, 2026.[9] (ECF No. 17 at 9; *see also* ECF No. 8). Thus, because Plaintiff did not timely file and serve its Motion to Vacate pursuant to 9 U.S.C. § 12, the Court recommends Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 9) be denied and Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 17) be granted. *See Haljohn-San Antonio, Inc. v. Ramos*, No. 3:20-cv-1140, 2020 WL 7495098, at *3 (N.D. Tex. Dec. 21, 2020) ("[B]ecause failure to timely provide notice of a motion to vacate forfeits the right to seek judicial review, Ramos's counter claim for vacatur of the award is time barred."); *Smith v. Shell Chem. Co.*, 333 F. Supp. 2d 579, 585 (M.D. La. 2004) ("Since plaintiff's service upon the defendants was untimely, plaintiff's motion for relief from judgment, which the court also treated as a motion to vacate pursuant to the FAA, shall be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

---

[9] The parties dispute when service of the original motion to vacate was actually complete. (*See* ECF No. 17 at 9, 15; ECF No. 22 at 5, 6 n.3, and 11). However, it appears undisputed that service did not occur prior to December 3, 2025. (*See* ECF No. 17 at 9, 15; ECF No. 22 at 5, 6 n.3, and 11). For simplicity, the Court will consider service to be complete on the date Defendant filed its initial Motion to Dismiss (ECF No. 8).

### III.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Amended Motion to Vacate Arbitration Award (ECF No. 9) be **DENIED** and Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 17) be **GRANTED**.  The Court **FURTHER RECOMMENDS** Plaintiff's prior Motion to Vacate (ECF No. 1) and Defendant's prior Motion to Dismiss (ECF No. 8) be **DENIED AS MOOT**.  Finally, the Court **DENIES AS MOOT** Defendant's Motion to Strike (ECF No. 27) and Plaintiff's Motion for Leave to File Supplement (ECF No. 29).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 4, 2026.

Richard W. Bennett
United States Magistrate Judge

10